IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Geo. W. Park Seed Co., Inc., ) | Civil Action No. 8:08-1993-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| DHL Express (USA), Inc., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the plaintiff's counsel's motion to withdraw (doc. 70) and the request for mediation fees by Thomas L. Stephenson, Esq. This action began in April 2008 when George W. Park Seed Co., Inc., sought a declaratory judgment in the Greenwood County Court of Common Pleas to dispute amounts DHL Express (USA), Inc., claims it owes for shipping and delivery services. DHL calculates the amount Park Seed owes to be at least $412,224.98, plus other costs and interest. DHL responded by removing the case to this court under its diversity jurisdiction and filing compulsory counterclaims for breach of contract seeking the amounts it claims Park Seed owes.

This matter was referred to this court for disposition on August 20, 2008, upon consent of the parties pursuant to Title 28, United States Code, Section 636(c), and Local Civil Rule 73.01(B) DSC, by order of Judge G. Ross Anderson, Jr., (now Senior) United States District Judge.

On February 17, 2009, the motion by plaintiff's former counsel to withdraw as attorney was granted. The plaintiff corporation was given through March 17, 2009, to retain new counsel. By order filed March 16, 2009, that deadline was extended through March 31, 2009. On April 20, 2009, the deadline was extended through May 11, 2009. On May 8,

2009, the deadline was extended through June 8, 2009. On May 11, 2009, the deadline was again extended through June 11, 2009. On June 5, 2009, the deadline was extended through July 3, 2009, and the plaintiff was notified that no further extensions would be granted.

On July 6, 2009, the plaintiff's current attorneys with the law firm of DLA Piper LLP (US) appeared in the case. On December 16, 2009, the attorneys moved to withdraw as counsel of record. In that motion, the attorneys noted that the plaintiff had been advised that, as a corporation, it cannot proceed in this matter without counsel admitted to practice in this District. On December 17, 2009, the defendant filed opposition to the motion to withdraw.

The attorneys for the parties had agreed to mediate the case before Thomas L. Stephenson, Esq. on December 17, 2009. According to defense counsel, he received word on December 16th, the day the motion to withdraw was filed, that Park Seed's counsel would not appear at mediation because Park Seed had ceased all communications with its counsel. According to the defendant, as it was uncertain whether anyone would appear for Park Seed, mediation went forward. DHL was present, but no one appeared on behalf of Park Seed. The mediator attempted to contact Park Seed's current counsel and also Kim Thomason, with whom the court had previously communicated when Park Seed's first set of attorneys withdrew, but there was no response. The defendant further notes that the plaintiff has failed to serve any responses or objections to its requests for admission, requests for production of documents, and interrogatories, even though the deadline for responding has now passed. This discovery included requests asking Park Seed to admit that the shipping and delivery services contract between Park Seed and DHL is a valid contract; that DHL performed all of its obligations under the contract; and that Park Seed has failed to pay over $400,000 in DHL invoices. Accordingly, the defendant asks for "appropriate relief" from Park Seed's failure to attend mediation or respond to discovery, as

2

well as its overall refusal to participate in the litigation. Further, the defendant asks that the court consider that it took Park Seed almost five months to retain new counsel when the first set of attorneys withdrew, while DHL still has outstanding counterclaims against the plaintiff for at least $412, 000 in unpaid invoices. On December 22, 2009, the defendant's counsel sent an email to this court, which was copied to the plaintiff's counsel, noting that his fees for mediation were $900.00, representing 2.5 hours of preparation for mediation and 1.5 hours incurred on the day of mediation at a rate of $225.00 per hour.

On December 22, 2009, this court received an email from Mr. Stephenson, which was copied to counsel for both parties. The email stated as follows:

> Several months I was called by Tom Vanderbloemen at White and Gallivan and asked to mediate this case. Mr. Vanderbloemen represents DHL. It was set, but continued shortly before the mediation and reset for December 17th. Pursuant to my practice, my office contacted the attorneys representing the parties about a week ago by e-mail and reminded them of the mediation. In any event, Mr. Vanderbloemen appeared in my office on behalf of DHL and no one appeared on behalf of Park Seed. I called the attorney with DLA Piper who practices in Florida and left a message. I also called Park Seed and left a message.
>
> The purpose of this letter is to notify you that I believe Mr. Vanderbloemen and DHL have done everything they can to comply with the Court's mediation requirement. On the other hand, Park Seed did not appear or contact my office prior to the mediation. I believe it would be appropriate for Park Seed and DLA Piper to be responsible for my fee.

(12/22/09 email). Attached to the email was Mr. Stephenson's invoice for the mediation in the amount of $1,340.00.

Under Local Civil Rule 16.09 DSC, this court may impose sanctions if "a person fails to attend a duly ordered mediation conference without good cause." Sanctions may include "the payment of attorney's fees, mediator fees, and expenses incurred by persons attending the conference." Here, neither the plaintiff nor the plaintiff's counsel appeared at mediation. According to Mr. Stephenson, the plaintiff's counsel did not call to

3

notify him they would not appear. As a result, Mr. Stephenson and Mr. Vanderbloemen, who was uncertain whether anyone would appear for Park Seed, prepared for and attended the mediation. While the plaintiff's counsel did file a motion to withdraw as counsel the day before mediation, the motion had not been granted and, thus, the DLA Piper attorneys were – and continue to be until this court grants the motion – attorneys of record for the plaintiff.

Wherefore, based upon the foregoing, the plaintiff and its attorneys of record are directed to pay the mediator and Mr. Vanderbloemen for their time in preparation for and attendance at the mediation. The plaintiff's attorneys' motion to withdraw (doc. 70) will be held in abeyance until the plaintiff's attorneys notify this court that the mediator and defendant's counsel have been paid.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

December 29, 2009

Greenville, South Carolina